UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                              Case No. 8:17-bk-10569-RCT
                                                                    Chapter 7

Tracy Marie Gudeman,

     Debtor(s).

_____/

## APPLICATION TO EMPLOY ATTORNEY FOR TRUSTEE

     Christine L. Herendeen, the Trustee in this case, requests the authority to employ an

attorney in this case under 11 U.S.C. § 327(a) and in support thereof states as follows:

     1.     The Applicant has been appointed Trustee of the above-captioned estate.

     2.     The assistance of counsel is required to assist the Trustee in performing her duties.

Counsel will represent the estate in connection with the estate's personal injury/sexual assault

claims that occurred in connection with an event that occurred on or about March 11, 2017.

     3.     After reviewing the facts and legal issues in this case, the Applicant has concluded

that the assistance of counsel is necessary to enable the trustee to discharge the trustee's statutory

duties.  The Trustee is relying upon the Debtor(s) Schedule C claims of exemption in reaching

this conclusion and incurring administrative expenses of counsel.  The services of the proposed

attorney will not duplicate those of Trustee, but are necessary in order to carry out the functions

and duties of the Trustee.

     4.     The Applicant has selected Jennifer M. Lipinski, Esq. and Lipinski Law; Robert

Gordon, Esq. and Gordon & Partners, P.A., Brian D. Kent, Esq. and M. Stewart Ryan, Esq. and

Laffey, Bucci & Kent, LLP, as counsel for the Trustee because the attorneys have the ability and

experience to render the necessary assistance.  Jennifer M. Lipinski, at the time an attorney with

Gordon & Partners, P.A., and Brian D. Kent, an attorney with Laffey, Bucci & Kent, LLP, filed a complaint in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, on or about March 23, 2021.  Jennifer M. Lipinski, Robert Gordon, Brian D. Kent and M. Stewart Ryan are admitted to practice in the State of Florida and are experienced in these types of matters.

5.      To the best of the trustee's knowledge, Jennifer M. Lipinski, Robert Gordon, Brian D. Kent and M. Stewart Ryan  (the "Attorney(s)") have no interest adverse to the estate and have no connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States Trustee, except as set forth on the attached Declaration; accordingly, the Attorney(s) are disinterested persons within the meaning of 11 U.S.C. §101(14).  The Declarations are attached to and made part of this Application.

6.      The Applicant believes that the retention of Jennifer M. Lipinski and Lipinski Law, Robert Gordon and Gordon & Partners, P.A., and Brian D. Kent and M. Stewart Ryan and Laffey, Bucci & Kent, LLP, is in the best interest of the estate.

7.      The attorney(s) have agreed to seek compensation on a contingency fee basis pursuant to the provisions of Section 330 of the Bankruptcy Code.  The contingent fee agreement standard in matters such as that being pursued on behalf of the estate by Jennifer M. Lipinski and Lipinski Law, Robert Gordon and Gordon & Partners, P.A., and Brian D. Kent, M. Stewart Ryan and Laffey, Bucci & Kent, LLP, is forty percent (40%), which will be split twenty five percent (25%) each to Lipinski Law and Gordon & Partners, P.A. and fifty percent (50%) to Laffey, Bucci & Kent, LLP.  In addition, Jennifer M. Lipinski and Lipinski Law, Robert Gordon and Gordon & Partners, P.A., and Brian D. Kent and M. Stewart Ryan and Laffey, Bucci & Kent, LLP, will bill the estate for reasonable and necessary costs in pursing the claim.  In no event,

shall any fees be paid without prior application to and an order from the Court, subject to approval of the court pursuant to Section 330 of the Bankruptcy Code.

WHEREFORE, your applicant requests the entry of an Order authorizing the Trustee to employ Jennifer M. Lipinski and Lipinski Law, Robert Gordon and Gordon & Partners, P.A., and Brian D. Kent and M. Stewart Ryan and Laffey, Bucci & Kent, LLP, pursuant to and under a general retainer on terms and conditions specified herein and for any other relief which this court deems just.

Dated:  November 8, 2023

Respectfully submitted,

/s/ Christine L. Herendeen
Christine L. Herendeen, Trustee
P.O. Box 152348
Tampa, FL 33684
(813) 438-3833

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the Application to Employ Attorney for Trustee was provided by electronic delivery or U.S. mail on November 8, 2023 to:

U.S. Trustee, 501 E. Polk Street Suite 1200, Tampa, FL 33602

Robert M Geller, Law Offices of Robert Geller, 807 W Azeele Street, Tampa, FL 33606

Tracy Gudeman, 4955 Hartwell Loop, Land O Lakes, FL  34638

/s/ Christine L. Herendeen
Christine L. Herendeen, Trustee

## DECLARATION IN SUPPORT OF EMPLOYMENT

1. I am an attorney admitted to practice in the State of Florida.

2. I am a member of the law firm of Lipinski Law.

3. I do not hold or represent an interest adverse to the estate.

4. I am not a creditor, equity security holder, or insider of the Debtor(s).

5. I am not, and was not within the two years before the petition date, a director, officer, or employee of the Debtor(s).

6. I have no interest materially adverse to the interest of the estate or of any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor(s), or for any other reason. Except that prior to the filing of the petition in this case, I represented the debtor in connection with the same claim for which I now seek to represent the estate. My fee arrangement with the debtor is the same under which I am willing to represent the estate, that is, my standard personal injury contingency fee agreement plus reimbursement of costs and expenses advanced.

7. I further state that I do not have any connection, or otherwise have no interest adverse to the Debtors, creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

8. I have not and will not agree to share my compensation for such services with any person.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on:  November 1, 2023

By:_____
      Jennifer M. Lipinski, Esq
      Lipinski Law
      601 Heritage Dr., Suite 210
      Jupiter, FL 3458

**<u>EXHIBIT 1 TO AFFIDAVIT OF PROPOSED SPECIAL COUNSEL</u>**

UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

IN RE:                                                                          Case No. 8:17-bk-10569-RCT
                                                                                    Chapter 7
Tracy Marie Gudeman,

     Debtor(s).

_____/

<u>Conditions imposed upon Special Counsel to the Chapter 7 Trustee:</u>

     1. The filing of the bankruptcy petition by the debtor created a bankruptcy estate which the Trustee was appointed to administer.  Pursuant to 11 U.S.C. § 541(a), property of the estate consists of all legal or equitable interests of the debtor in property as of the commencement of the case, including the debtor's liability, fraud and conspiracy claims.  The right to the proceeds of the debtor's liability, fraud and conspiracy claims became property of the estate upon the filing of the bankruptcy, and the Trustee succeeded to any rights of the debtor in and to the claims.  **Your client is now the Trustee**.

     2. When the United States Bankruptcy Court for the Middle District of Florida, Tampa Division (the "Court") allows the Trustee to hire you as Counsel, you should begin to <u>record your time spent on the debtor's case on a daily basis</u>.  **<u>A contingency fee case is an exception</u>** <u>from the requirement to record your time although contemporaneous records are helpful in support of a fee application</u>.

     3. Counsel shall add the Trustee as a party plaintiff in the litigation case.

     4. Counsel shall at all time maintain the appropriate amount of legal malpractice insurance to cover the maximum 1,000,000.00 and shall provide proof of same annually to the Trustee.

     5. If the Defendant(s) makes a settlement offer, you must communicate that offer directly to the Trustee.  **It is the Trustee, and only the Trustee, who has the right to accept or reject any offer except in limited circumstances involving a surplus case.**  The Trustee will consult with you on the likelihood of success at trial and the value of the claim, and keep you informed in the event of a surplus case.

     6. If the Trustee decides to accept the offer, the Trustee must obtain court approval. **Do not take any action dismissing the case, disposing of the case or agreeing to do either, prior to obtaining bankruptcy court approval and a Court order to that effect.**  The Trustee will file with the bankruptcy court a Motion to Approve Compromise of Controversy ("Motion") pursuant to Bankruptcy Rule 9019.  The Motion will set forth the status of the case and the

reasons for accepting the settlement.  Counsel agrees to assist the Trustee with the preparation of the Motion.  **Until the Bankruptcy Court approves the settlement, the case is not settled**.

7.  If the Motion is approved, the settling party/insurance company should be provided with the court order directing it to issue a settlement draft payable to the Trustee in bankruptcy only.

8.  The Trustee must obtain bankruptcy court approval to compensate counsel from the settlement proceeds or from the award after trial.  Pursuant to 11 U.S.C. § 330, after notice and a hearing, if requested, the Court may award to a professional person employed under § 327, actual, necessary, reasonable compensation and reimbursement of actual, necessary expenses. Usually, (typically with exceptions in contingency fee cases), time records should be submitted to the Trustee and attached to an Application for Compensation ("Application") which counsel must file with the Bankruptcy Court together with a detailed cost exhibit that complies with the Middle District expense reimbursement guidelines.  Generally, the Bankruptcy Court will award compensation to a professional if: 1) the services that are the subject of the application are properly compensable; 2) the services rendered were actual and necessary; and 3) the services are properly valued.   Specifically, to aid in determining factors one through three, the Court will require are: 1) billing set forth in tenths, not quarters, of an hour; 2) a full description of each telephone call, court appearance, deposition, letter drafted or reviewed and conference, including the date, the attorney rendering the service and the nature of the service (i.e. telephone conference with J. Doe re: court hearing on 2/9); 3) a description, broken down into appropriate categories, of the legal services provided; 4) the hourly rate of the attorney providing the services; and 5) any special circumstances involved in the case requiring extra work.  Expenses incurred must be actual and necessary and enough detail must be given so the Court can make that determination. Counsel must keep in mind that all fees awarded in bankruptcy cases are subject to Court approval. It is the responsibility of Counsel to convince the Court that the fee compensation sought is fair and equitable given the circumstances, as necessary. Factors the Court may take into account include the novelty or complexity of the issues and the percentage distribution the Trustee will make to unsecured creditors. **If there are any other attorneys involved in the litigation or anticipating payment from the proceeds of any settlement or award after trial, such as referral attorneys, the Trustee must be informed and the attorney's employment and compensation must also be approved by the Court.**

9.  Counsel is required, every ninety (90) days, or after any significant event in the case, whichever is earlier, to provide the Trustee any updates as to Counsel's opinion regarding the theory of liability against the Defendant(s), the probability of success on the merits, the value of the damages in the case, and an estimate of time to settle or try the case.

10.  Counsel **shall** prepare status reports when requested by the trustee and/or the Court with respect to the progress and posture of the case/claim and regarding the nature and extent of counsel's work/services performed in furtherance of the case/claim.  Special Counsel agrees to attend status conferences and/or hearings when requested by the Trustee and/or the Court.

11.  Counsel agrees to file appropriate motions to expedite the debtor's case for trial.

12.   The appointment of Counsel to represent the Trustee in the resolution or trial of the debtor's claim cannot be assigned to any other attorney or law firm.  In the event Counsel desires to refer the claim to another attorney or law firm, that attorney or law firm must obtain prior approval by the Court to represent the Trustee.  An attorney or law firm that has not received prior approval by the Court will not be allowed compensation for the representation of the Trustee.

Jennifer M. Lipinski, Esq.
Lipinski Law

_____

11/01/2023
(Date)

## DECLARATION IN SUPPORT OF EMPLOYMENT

1.    I am an attorney admitted to practice in the State of Florida.

2.    I am a member of the law firm of Gordon & Partners, P.A.

3.    I do not hold or represent an interest adverse to the estate.

4.    I am not a creditor, equity security holder, or insider of the Debtor(s).

5.    I am not, and was not within the two years before the petition date, a director, officer, or employee of the Debtor(s).

6.    I have no interest materially adverse to the interest of the estate or of any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor(s), or for any other reason. Except that prior to the filing of the petition in this case, I represented the debtor in connection with the same claim for which I now seek to represent the estate. My fee arrangement with the debtor is the same under which I am willing to represent the estate, that is, my standard personal injury contingency fee agreement plus reimbursement of costs and expenses advanced.

7.    I further state that I do not have any connection, or otherwise have no interest adverse to the Debtors, creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

8.    I have not and will not agree to share my compensation for such services with any person.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: 11/1/23

By:_____
Robert Gordon, Esq
Gordon & Partner, P.A.
4114 Northlake Blvd
Palm Beach Gardens, FL 33410

**EXHIBIT 1 TO AFFIDAVIT OF PROPOSED SPECIAL COUNSEL**

UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

IN RE:                                                     Case No. 8:17-bk-10569-RCT
                                                           Chapter 7

Tracy Marie Gudeman,

        Debtor(s).

_____/

Conditions imposed upon Special Counsel to the Chapter 7 Trustee:

1. The filing of the bankruptcy petition by the debtor created a bankruptcy estate which the Trustee was appointed to administer. Pursuant to 11 U.S.C. § 541(a), property of the estate consists of all legal or equitable interests of the debtor in property as of the commencement of the case, including the debtor's liability, fraud and conspiracy claims. The right to the proceeds of the debtor's liability, fraud and conspiracy claims became property of the estate upon the filing of the bankruptcy, and the Trustee succeeded to any rights of the debtor in and to the claims. **Your client is now the Trustee.**

2. When the United States Bankruptcy Court for the Middle District of Florida, Tampa Division (the "Court") allows the Trustee to hire you as Counsel, you should begin to <u>record your time spent on the debtor's case on a daily basis</u>. **<u>A contingency fee case is an exception</u>** <u>from the requirement to record your time although contemporaneous records are helpful in support of a fee application</u>.

3. Counsel shall add the Trustee as a party plaintiff in the litigation case.

4. Counsel shall at all time maintain the appropriate amount of legal malpractice insurance to cover the maximum *5,000,000.00* and shall provide proof of same annually to the Trustee.

5. If the Defendant(s) makes a settlement offer, you must communicate that offer directly to the Trustee. **It is the Trustee, and only the Trustee, who has the right to accept or reject any offer except in limited circumstances involving a surplus case.** The Trustee will consult with you on the likelihood of success at trial and the value of the claim, and keep you informed in the event of a surplus case.

6. If the Trustee decides to accept the offer, the Trustee must obtain court approval. **Do not take any action dismissing the case, disposing of the case or agreeing to do either, prior to obtaining bankruptcy court approval and a Court order to that effect.** The Trustee will file with the bankruptcy court a Motion to Approve Compromise of Controversy ("Motion") pursuant to Bankruptcy Rule 9019. The Motion will set forth the status of the case and the

reasons for accepting the settlement. Counsel agrees to assist the Trustee with the preparation of the Motion. **Until the Bankruptcy Court approves the settlement, the case is not settled**.

7. If the Motion is approved, the settling party/insurance company should be provided with the court order directing it to issue a settlement draft payable to the Trustee in bankruptcy only.

8. The Trustee must obtain bankruptcy court approval to compensate counsel from the settlement proceeds or from the award after trial. Pursuant to 11 U.S.C. § 330, after notice and a hearing, if requested, the Court may award to a professional person employed under § 327, actual, necessary, reasonable compensation and reimbursement of actual, necessary expenses. Usually, (typically with exceptions in contingency fee cases), time records should be submitted to the Trustee and attached to an Application for Compensation ("Application") which counsel must file with the Bankruptcy Court together with a detailed cost exhibit that complies with the Middle District expense reimbursement guidelines. Generally, the Bankruptcy Court will award compensation to a professional if: 1) the services that are the subject of the application are properly compensable; 2) the services rendered were actual and necessary; and 3) the services are properly valued. Specifically, to aid in determining factors one through three, the Court will require are: 1) billing set forth in tenths, not quarters, of an hour; 2) a full description of each telephone call, court appearance, deposition, letter drafted or reviewed and conference, including the date, the attorney rendering the service and the nature of the service (i.e. telephone conference with J. Doe re: court hearing on 2/9); 3) a description, broken down into appropriate categories, of the legal services provided; 4) the hourly rate of the attorney providing the services; and 5) any special circumstances involved in the case requiring extra work. Expenses incurred must be actual and necessary and enough detail must be given so the Court can make that determination. Counsel must keep in mind that all fees awarded in bankruptcy cases are subject to Court approval. It is the responsibility of Counsel to convince the Court that the fee compensation sought is fair and equitable given the circumstances, as necessary. Factors the Court may take into account include the novelty or complexity of the issues and the percentage distribution the Trustee will make to unsecured creditors. **If there are any other attorneys involved in the litigation or anticipating payment from the proceeds of any settlement or award after trial, such as referral attorneys, the Trustee must be informed and the attorney's employment and compensation must also be approved by the Court.**

9. Counsel is required, every ninety (90) days, or after any significant event in the case, whichever is earlier, to provide the Trustee any updates as to Counsel's opinion regarding the theory of liability against the Defendant(s), the probability of success on the merits, the value of the damages in the case, and an estimate of time to settle or try the case.

10. Counsel **shall** prepare status reports when requested by the trustee and/or the Court with respect to the progress and posture of the case/claim and regarding the nature and extent of counsel's work/services performed in furtherance of the case/claim. Special Counsel agrees to attend status conferences and/or hearings when requested by the Trustee and/or the Court.

11. Counsel agrees to file appropriate motions to expedite the debtor's case for trial.

12.   The appointment of Counsel to represent the Trustee in the resolution or trial of the debtor's claim cannot be assigned to any other attorney or law firm.  In the event Counsel desires to refer the claim to another attorney or law firm, that attorney or law firm must obtain prior approval by the Court to represent the Trustee.  An attorney or law firm that has not received prior approval by the Court will not be allowed compensation for the representation of the Trustee.

Robert Gordon, Esq.
Gordon & Partners, P.A.

/s/   _____

(Date)   11/1/23

## DECLARATION IN SUPPORT OF EMPLOYMENT

1.      I am an attorney admitted to practice in the States of Illinois and New York and the Commonwealth of Pennsylvania and am experienced in these types of matters.

2.      I am a member of the law firm of Laffey, Bucci & Kent, LLP

3.      I do not hold or represent an interest adverse to the estate.

4.      I am not a creditor, equity security holder, or insider of the Debtor(s).

5.      I am not, and was not within the two years before the petition date, a director, officer, or employee of the Debtor(s).

6.      I have no interest materially adverse to the interest of the estate or of any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor(s), or for any other reason except: prior to the filing of the petition in this case, I represented the debtor in connection with the same claim for which I now seek to represent the estate. My fee arrangement with the debtor is the same under which I am willing to represent the estate, that is, my standard personal injury contingency fee agreement plus reimbursement of costs and expenses advanced.

7.      I further state that I do not have any connection, or otherwise have no interest adverse to the Debtors, creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

8.      I have not and will not agree to share my compensation for such services with any person.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on:  October 26, 2023

By:_____
Brian D. Kent, Esq
Laffey, Bucci & Kent, LLP
1100 Ludlow Street, Suite 300
Philadelphia, PA 19107

**<u>EXHIBIT 1 TO AFFIDAVIT OF PROPOSED SPECIAL COUNSEL</u>**

UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

IN RE:                                                        Case No. 8:17-bk-10569-RCT
                                                                  Chapter 7

Tracy Marie Gudeman,

     Debtor(s).

_____/

<u>Conditions imposed upon Special Counsel to the Chapter 7 Trustee:</u>

     1.  The filing of the bankruptcy petition by the debtor created a bankruptcy estate which the Trustee was appointed to administer.  Pursuant to 11 U.S.C. § 541(a), property of the estate consists of all legal or equitable interests of the debtor in property as of the commencement of the case, including the debtor's liability, fraud and conspiracy claims.  The right to the proceeds of the debtor's liability, fraud and conspiracy claims became property of the estate upon the filing of the bankruptcy, and the Trustee succeeded to any rights of the debtor in and to the claims. **Your client is now the Trustee**.

     2.  When the United States Bankruptcy Court for the Middle District of Florida, Tampa Division (the "Court") allows the Trustee to hire you as Counsel, you should begin to <u>record your time spent on the debtor's case on a daily basis</u>. **<u>A contingency fee case is an exception</u>** <u>from the requirement to record your time although contemporaneous records are helpful in support of a fee application</u>.

     3. Counsel shall add the Trustee as a party plaintiff in the litigation case.

     4. Counsel shall at all times maintain the appropriate amount of legal malpractice insurance to cover the maximum $2,000,000.00 and shall provide proof of same annually to the Trustee.

     5.  If the Defendant(s) makes a settlement offer, you must communicate that offer directly to the Trustee. **It is the Trustee, and only the Trustee, who has the right to accept or reject any offer except in limited circumstances involving a surplus case.**  The Trustee will consult with you on the likelihood of success at trial and the value of the claim, and keep you informed in the event of a surplus case.

     6.  If the Trustee decides to accept the offer, the Trustee must obtain court approval. **Do not take any action dismissing the case, disposing of the case or agreeing to do either, prior to obtaining bankruptcy court approval and a Court order to that effect.**  The Trustee will file with the bankruptcy court a Motion to Approve Compromise of Controversy ("Motion") pursuant to Bankruptcy Rule 9019.  The Motion will set forth the status of the case and the reasons

for accepting the settlement. Counsel agrees to assist the Trustee with the preparation of the Motion. **Until the Bankruptcy Court approves the settlement, the case is not settled**.

7. If the Motion is approved, the settling party/insurance company should be provided with the court order directing it to issue a settlement draft payable to the Trustee in bankruptcy only.

8. The Trustee must obtain bankruptcy court approval to compensate counsel from the settlement proceeds or from the award after trial. Pursuant to 11 U.S.C. § 330, after notice and a hearing, if requested, the Court may award to a professional person employed under § 327, actual, necessary, reasonable compensation and reimbursement of actual, necessary expenses. Usually, (typically with exceptions in contingency fee cases), time records should be submitted to the Trustee and attached to an Application for Compensation ("Application") which counsel must file with the Bankruptcy Court together with a detailed cost exhibit that complies with the Middle District expense reimbursement guidelines. Generally, the Bankruptcy Court will award compensation to a professional if: 1) the services that are the subject of the application are properly compensable; 2) the services rendered were actual and necessary; and 3) the services are properly valued. Specifically, to aid in determining factors one through three, the Court will require are: 1) billing set forth in tenths, not quarters, of an hour; 2) a full description of each telephone call, court appearance, deposition, letter drafted or reviewed and conference, including the date, the attorney rendering the service and the nature of the service (i.e. telephone conference with J. Doe re: court hearing on 2/9); 3) a description, broken down into appropriate categories, of the legal services provided; 4) the hourly rate of the attorney providing the services; and 5) any special circumstances involved in the case requiring extra work. Expenses incurred must be actual and necessary and enough detail must be given so the Court can make that determination. Counsel must keep in mind that all fees awarded in bankruptcy cases are subject to Court approval. It is the responsibility of Counsel to convince the Court that the fee compensation sought is fair and equitable given the circumstances, as necessary. Factors the Court may take into account include the novelty or complexity of the issues and the percentage distribution the Trustee will make to unsecured creditors. **If there are any other attorneys involved in the litigation or anticipating payment from the proceeds of any settlement or award after trial, such as referral attorneys, the Trustee must be informed and the attorney's employment and compensation must also be approved by the Court.**

9. Counsel is required, every ninety (90) days, or after any significant event in the case, whichever is earlier, to provide the Trustee any updates as to Counsel's opinion regarding the theory of liability against the Defendant(s), the probability of success on the merits, the value of the damages in the case, and an estimate of time to settle or try the case.

10. Counsel **shall** prepare status reports when requested by the trustee and/or the Court with respect to the progress and posture of the case/claim and regarding the nature and extent of counsel's work/services performed in furtherance of the case/claim. Special Counsel agrees to attend status conferences and/or hearings when requested by the Trustee and/or the Court.

11. Counsel agrees to file appropriate motions to expedite the debtor's case for trial.

12.    The appointment of Counsel to represent the Trustee in the resolution or trial of the debtor's claim cannot be assigned to any other attorney or law firm.  In the event Counsel desires to refer the claim to another attorney or law firm, that attorney or law firm must obtain prior approval by the Court to represent the Trustee.  An attorney or law firm that has not received prior approval by the Court will not be allowed compensation for the representation of the Trustee.

                                                  Brian D. Kent, Esq.
                                                  Laffey, Bucci & Kent, LLP

/s/ _____

(Date)        10/26/2023

## **DECLARATION IN SUPPORT OF EMPLOYMENT**

1.      I am an attorney admitted to practice in the state of New Jersey and the Commonwealth of Pennsylvania and am experienced in these types of matters.

2.      I am a member of the law firm of Laffey, Bucci & Kent, LLP

3.      I do not hold or represent an interest adverse to the estate.

4.      I am not a creditor, equity security holder, or insider of the Debtor(s).

5.      I am not, and was not within the two years before the petition date, a director, officer, or employee of the Debtor(s).

6.       I have no interest materially adverse to the interest of the estate or of any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor(s), or for any other reason except: prior to the filing of the petition in this case, I represented the debtor in connection with the same claim for which I now seek to represent the estate. My fee arrangement with the debtor is the same under which I am willing to represent the estate, that is, my standard personal injury contingency fee agreement plus reimbursement of costs and expenses advanced.

7.      I further state that I do not have any connection, or otherwise have no interest adverse to the Debtors, creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

8.      I have not and will not agree to share my compensation for such services with any person.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.
Executed on:  October 26, 2023

By:_____
        M. Stewart Ryan, Esq.
        Laffey, Bucci & Kent, LLP
        1100 Ludlow Street, Suite 300
        Philadelphia, PA 19107